
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | **FILED UNDER SEAL** |
| Plaintiff, | |
| v. | Case No. 14-cv-1239 |
| CPATANK, INC., an Illinois corporation, | Judge Milton I. Shadur |
| VITO GLAZERS, individually and as an officer of CPATank, Inc., | |
| EAGLE WEB ASSETS, INC., an Illinois Corporation, and | |
| RYAN EAGLE, individually and as an officer of Eagle Web Assets, Inc., | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR ORDER TEMPORARILY SEALING FILE

Pursuant to Local Rules 5.8 and 26.2, Plaintiff Federal Trade Commission ("FTC" or "Commission") moves this Court for an order to temporarily seal the file in this matter and allow the FTC to file documents without notice to other parties.[1] In support thereof, the Plaintiff states as follows:

1. Plaintiff asks the Court to seal the file of this case until October 18, 2016, at 5:00PM Central Daylight Time.

---

[1] For the reasons discussed herein, as well as the certification of counsel pursuant to Fed. R. Civ. P. 65(b)(1)(B) and Local Rule 5.5(d), the FTC treats this motion as an emergency motion for the purposes of Local Rule 5.3, and has not provided notice to Glazers regarding this motion. Glazers's misstatements about his assets on a sworn financial statement indicate his willingness to mislead the government about his assets, and the entry of a temporary restraining order before notifying Glazers is vital to ensuring the Commission is able to collect the full judgment if the Court lifts the suspension.

1

2. Although there is a common-law right to inspect and copy judicial records, this right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597, 597-98 (1978). The presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest." *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Every court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. "[T]he decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.[2]

3. There is a reasonable basis in this matter for departing from the Court's general policy of public filing. As described in more detail in the memoranda supporting Plaintiff's Motion to Lift Partial Suspension of Judgment and *Ex Parte* Motion for Temporary Restraining Order With Asset Freeze, Limited Expedited Discovery, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Motion"), this litigation concerns Defendant Glazers's deceptive efforts to hide money from recovery by the FTC. The funds withheld by Glazers represent his ill-gotten gains from deceiving consumers.

4. In this litigation, the FTC seeks entry of the full $200,000 judgment against Glazers after he misled the Commission about his financial condition to get a suspension of all but $20,000 of that amount. The proposed *ex parte* temporary restraining order ("TRO") provides for an asset

---

[2] Although there are three additional defendants in this action, only Glazers's conduct is at issue in the current stage of litigation. Without sealing the file, it is possible one of those parties would disclose the new litigation to Glazers before the FTC can implement the asset freeze provisions of the requested TRO. The presumption in favor of the other defendants to access records relating to the FTC's current motions is similarly rebutted by the FTC's need to proceed without notice to Glazers.

freeze and limited expedited discovery. This interlocutory relief is critical to preserving the possibility of effective final relief.

5. As described in the Certification of the FTC's Counsel pursuant to Fed. R. Civ. P. 65(b) and Local Rule 5.5(d) in support of the FTC's TRO Motion, if documents filed in this litigation were placed on the public record while the Court is considering the TRO Motion or before Glazers is served, Glazers may learn of this matter and defeat the purposes of the TRO's asset freeze. Glazers could potentially learn of these filings from his counsel's notification through the Court's ECF system, the media, one of his co-defendants, or from any other entity or individual with access to the Court's filings. Individuals involved in fraudulent schemes are, in the FTC's experience, likely to attempt to conceal or dissipate assets if they receive advance notice of FTC action. *See* Certification of Counsel, Ex. 2 at 4-6. Indeed, considering Glazers's efforts to hide funds from the FTC, proceeding without notice to him is likely the only means of securing his assets for potential recovery before he can hide them again. This Court's ability to render effective, final monetary relief pursuant to the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief would be undermined if Glazers were to succeed in dissipating assets.

6. Numerous courts in this district have granted similar temporary seals in other matters brought by the FTC seeking relief similar to that sought here. *See, e.g., FTC v. Big Dog Solutions, LLC*, No. 1:16-cv-6607 (N.D. Ill. June 28, 2016) (Blakey, J.); *FTC v. Stark Law, LLC*, No. 1:16-cv-3463 (N.D. Ill. Mar. 22, 2016) (Pallmeyer, J.); *FTC v. Construct Data Publishers*, No. 1:13-cv-1999 (N.D. Ill. Mar. 15, 2013) (Tharp, J.); *FTC v. Am. Credit Crunchers, LLC*, No. 1:12-cv-1028 (N.D. Ill. Feb. 14, 2012) (Guzman, J.); *FTC v. Cent. Coast Nutraceuticals, Inc.*, No. 1:10-cv-4931 (N.D. Ill. Aug. 6, 2010) (Norgle, J.); *FTC v. Asia Pac. Telecom Inc.*, No. 1:10-

cv-3168 (N.D. Ill. May 25, 2010) (Hart, J.); *FTC v. API Trade, LLC*, No. 1:10-cv-1543 (N.D. Ill. May 9, 2010) (Guzman, J.); *FTC v. 6555381 Canada Inc.*, No. 1:09-cv-3158 (N.D. Ill. May 27, 2009) (Gettleman, J.); *FTC v. Integration Media Inc.*, No. 1:09-cv-3160 (N.D. Ill. May 27, 2009) (Bucklo, J.); *FTC v. Atkinson*, No. 1:08-cv-5666 (N.D. Ill. Oct. 6, 2008) (Kendall, J.); *FTC v. Data Bus. Solutions Inc.*, No. 1:08-cv-2783 (N.D. Ill. May 14, 2008) (Dow, J.); *FTC v. Spear Sys., Inc.*, No. 1:07-cv-5597 (N.D. Ill. Oct. 3, 2007) (Andersen, J.).

7. Pursuant to Local Rules 5.8 and 26.2, the FTC seeks to file the following documents and supporting exhibits under seal:

  a. Motion for Order Temporarily Sealing File

      i. Affidavit and Certification of Counsel

      ii. Proposed Order

  b. Notice of Appearance of Counsel

  c. Motion for Admission *Pro Hac Vice* for Colin D. A. MacDonald

  d. Motion to Lift Partial Suspension of Judgment

      i. Memorandum in Support

      ii. Proposed Order Lifting Partial Suspension of Judgment

      iii. Declaration of Anthony Gales and Attachments

  e. TRO Motion

      i. Memorandum in Support

      ii. Proposed TRO

      iii. Declaration of Anthony Gales and Attachments

      iv. Affidavit and Certification of Counsel Pursuant to Fed. R. Civ. P. 65(b)(1)(B)

4

For the foregoing reasons, the seal is necessary to preserve the possibility of the requested relief. Accordingly, the FTC respectfully requests that the Court grant the FTC's Motion to Temporarily Seal File until October 18, 2016, at 5:00PM Central Daylight Time. This should be sufficient time to allow service of papers upon Glazers and the third parties controlling Glazers's assets. A proposed order is attached hereto.

Dated: October 12, 2016                    Respectfully submitted,

                                           /s/ Colin D. A. MacDonald
                                           COLIN D. A. MACDONALD*
                                           STEVEN M. WERNIKOFF
                                           JAMES H. DAVIS
                                           Federal Trade Commission
                                           600 Pennsylvania Ave. NW
                                           Mailstop CC-9528
                                           Washington, DC 20580
                                           (202) 326-3192, cmacdonald@ftc.gov
                                           (312) 960-5630, swernikoff@ftc.gov
                                           (312) 960-5611, jdavis@ftc.gov

                                           Attorneys for Plaintiff
                                           FEDERAL TRADE COMMISSION

* Colin D. A. MacDonald is not a member of the Bar of this Court. His application for admission *pro hac vice* is filed contemporaneously with this motion. Steven M. Wernikoff is a member of the Trial Bar of this Court and James H. Davis is a member of the Bar of this Court.