

FILED
10-12-16
IU:T 12 2016 PM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) **FILED UNDER SEAL** |
| v. | ) Case No. 1:14-cv-1239 |
| CPATANK, INC., an Illinois corporation, | ) Judge Milton I. Shadur |
| VITO GLAZERS, individually and as an officer of CPATank, Inc., | ) |
| EAGLE WEB ASSETS, INC., an Illinois Corporation, and | ) |
| RYAN EAGLE, individually and as an officer of Eagle Web Assets, Inc., | ) |
| Defendants. | ) |

**[PROPOSED] TEMPORARY RESTRAINING ORDER CONTAINING ASSET FREEZE
AND LIMITED EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section

13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Stipulated Final Judgment and Order for

Permanent Injunction and Other Equitable Relief ("Stipulated Judgment") in this matter, *see* Dkt.

8, moves this Court for the entry of an *ex parte* Temporary Restraining Order Containing Asset

Freeze and Limited Expedited Discovery, and Order to Show Cause Why A Preliminary

Injunction Should Not Issue under Rule 65(b) of the Federal Rules of Civil Procedure.

**I. FINDINGS OF FACT**

This Court, having considered the FTC's Motion to Lift Partial Suspension of Judgment,

*ex parte* application, declarations, exhibits, and memoranda filed in support of the FTC's

1

application, and the evidence presented, finds that:

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that venue lies properly with this Court;

3.      There is good cause to believe that Defendant Vito Glazers failed to disclose a material asset, materially misstated the value of an asset, or made another material misstatement or omission on his Financial Statement of Individual Defendant submitted on November 19, 2013;

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief provided for in the Stipulated Judgment will occur from the transfer, dissipation, or concealment by Glazers of his assets unless Glazers continues to be restrained and enjoined by Order of this Court and that in accordance with Fed. R. Civ. P. 65(b), the interest of justice requires that the FTC's application be heard *ex parte* without prior notice to Glazers.  Therefore, there is good cause for relieving the FTC of the duty to provide Glazers with prior notice of the FTC's application;

5.      Good cause exists for permitting the FTC to take limited expedited discovery from Glazers and third parties as to the existence and location of assets;

6.      Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order with an asset freeze, limited expedited discovery as to the existence and location of assets, and other equitable relief is in the public interest; and

7.      No security is required of any agency of the United States for the issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## II. DEFINITIONS

For the purposes of this Temporary Restraining Order, the following definitions apply:

A.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendant Vito Glazers, or held for the benefit of Defendant Glazers, wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, all cash or currency, and trusts, including but not limited to a trust held for the benefit of Defendant Glazers, any of Defendant Glazers's minor children, or Defendant Glazers's spouse, and shall include both existing assets and assets acquired after the date of entry of this order, or any interest therein.

B.     **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

C.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer, or other depository of any kind.

D.     **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity, including but not limited to a Financial Institution.

### III.  ASSET FREEZE

**IT IS THEREFORE ORDERED** that Defendant Glazers, and his officers, agents, servants, employees, and attorneys, and all other Persons or entities directly or indirectly under the control of him, including any Financial Institution, and all other Persons or entities in active concert or participation with him who receive actual notice of this Order are hereby temporarily restrained and enjoined from directly or indirectly:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, or any interest therein, wherever located, including outside the United States, that are:

1.      owned or controlled, directly or indirectly, by Defendant Glazers, in whole or in part, or held, in whole or in part, for the benefit of Defendant Glazers;

2.      in the actual or constructive possession of Defendant Glazers;

3.      owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Defendant Glazers, including, but not limited to, any Assets of Solomon Assets, LLC, or any other entity acting under a fictitious name owned by or controlled by Defendant Glazers, and any Assets held by, for, or under the name of Defendant Glazers at any Financial Institution;

B.      Opening or causing to be opened any safe deposit boxes either titled in the name, individually or jointly, or subject to access by Defendant Glazers;

C.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of Defendant Glazers;

D.      Obtaining a personal or secured loan, individually or jointly;

4

E.      Incurring liens or encumbrances on real property, personal property or other Assets in the name, singly or jointly, of Defendant Glazers; and

F.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of Defendant Glazers.

The Assets affected by this Section shall include:  (1) all Assets of Defendant Glazers as of the time this Order is entered; and (2) for Assets obtained after the time this Order is entered. This Section does not prohibit the repatriation of foreign Assets.

## IV.  COMPLETION OF FINANCIAL DISCLOSURE FORM

**IT IS FURTHER ORDERED** that within seven (7) days of the entry of this Order, Defendant Glazers shall submit a truthful, accurate, and complete FTC Financial Disclosure of Individual Defendant, a blank version of which is attached hereto as Exhibit 1, to the FTC.

## V.  RETENTION OF ASSETS AND PRODUCTION OF DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a preliminary injunction, any Financial Institution, electronic data host, or Person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Glazers, or other party subject to Section III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, shall:

A.      Hold, preserve, and retain within such Person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account,

document, electronically stored information, or asset held by or under such Person's control, except as directed by further order of the Court;

      B.     Provide the FTC and the FTC's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Defendant Glazers for forensic imaging;

      C.     Deny access to any safe deposit boxes that are either titled in the name, individually or jointly, or subject to access by Defendant Glazers, or other party subject to Section III above; and

      D.     Provide to the FTC, within one (1) business day, a sworn statement setting forth:

          1.     the identification of each account or asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant Glazers, or other party subject to Section III above, whether in whole or in part;

          2.     the balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served;

          3.     the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, Defendant Glazers, or other party subject to Section III above, whether in whole or in part; and

          4.     if the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the Person to whom such account or other asset was remitted;

          5.     Provide counsel for the FTC, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset,

6

including but not limited to: account statements, account applications, signature cards, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

6.     Cooperate with all reasonable requests of the FTC relating to this Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this Order include all assets of Defendant Glazers deposited as of the time this Order is entered.

**IT IS FURTHER ORDERED** that, in addition to the information and documents required to be produced pursuant to this Order, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any Financial Institution, electronic data host, or other Person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Glazers, or other party subject to Section III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, and such Financial Institution, electronic data host or Person shall respond to such subpoena within three (3) business days after service. The FTC may effect service by electronic mail.

## VI. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning Defendant Glazers pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

7

### VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Glazers, within three (3) business days of receipt of this Order, must submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

### VIII. CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent via electronic submission and Federal Express to:

> Colin D. A. MacDonald
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Mail Drop CC-9528
> Washington, DC 20580
> Telephone: (202) 326-3192
> Fax: (202) 326-3197
> Email: cmacdonald@ftc.gov

### IX. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or Person that may have possession, custody, or control of any documents or assets of Defendant Glazers, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution.

## X. PRELIMINARY INJUNCTION HEARING

**IT IS ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that Defendant Glazers shall appear before this Court on the _____ day of _____, 2016, at _____ o'clock a.m./p.m., at the United States District Courthouse, Courtroom _____, Chicago, Illinois, to show cause, if there is any, why this Court should not enter a preliminary injunction enjoining the violations of law alleged in the FTC's Complaint, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

**IT IS FURTHER ORDERED** that Defendant Glazers shall file with the Court and serve on the FTC's counsel any answering pleadings, affidavits, motions, expert reports, declarations, witness lists with detailed summaries of expected witness testimony, and/or legal memoranda, no later than five days prior to the hearing. The FTC may file responsive or supplemental pleadings, materials, affidavits, witness lists with detailed summaries of expected witness testimony, and/or memoranda with the Court and serve them on Defendant Glazers's counsel no later than two days prior to that hearing. Such affidavits, pleadings, motions, expert reports, declarations, witness lists with detailed summaries of expected witness testimony, legal memoranda and/or oppositions must be served by electronic mail (or Federal Express, if electronic mail is impractical), and must be received by the other party no later than the deadlines set forth in this Section.

## XI. DURATION OF ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on the _____ day of _____, 2016, at ___ o'clock a.m./p.m., unless within such time the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

9

## XII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this __ day of October, 2016, at _____ AM/PM, Central

Daylight Time.

Dated: _____

                                   _____
                                   MILTON I. SHADUR
                                   UNITED STATES DISTRICT JUDGE