

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CPATANK, INC., an Illinois corporation, <br><br> VITO GLAZERS, individually and as an officer of CPATank, Inc., <br><br> EAGLE WEB ASSETS, INC., an Illinois Corporation, and <br><br> RYAN EAGLE, individually and as an officer of Eagle Web Assets, Inc., <br><br> Defendants. | **FILED UNDER SEAL** <br><br> Case No. 1:14-cv-1239 <br><br> Judge Milton I. Shadur |

**[PROPOSED] TEMPORARY RESTRAINING ORDER CONTAINING ASSET FREEZE AND LIMITED EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Stipulated Judgment") in this matter, *see* Dkt. 8, moves this Court for the entry of an *ex parte* Temporary Restraining Order Containing Asset Freeze and Limited Expedited Discovery, and Order to Show Cause Why A Preliminary Injunction Should Not Issue under Rule 65(b) of the Federal Rules of Civil Procedure.

**I. FINDINGS OF FACT**

This Court, having considered the FTC's Motion to Lift Partial Suspension of Judgment, *ex parte* application, declarations, exhibits, and memoranda filed in support of the FTC's

1

application, and the evidence presented, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2. There is good cause to believe that venue lies properly with this Court;

3. There is good cause to believe that Defendant Vito Glazers failed to disclose a material asset, materially misstated the value of an asset, or made another material misstatement or omission on his Financial Statement of Individual Defendant submitted on November 19, 2013;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief provided for in the Stipulated Judgment will occur from the transfer, dissipation, or concealment by Glazers of his assets unless Glazers continues to be restrained and enjoined by Order of this Court and that in accordance with Fed. R. Civ. P. 65(b), the interest of justice requires that the FTC's application be heard *ex parte* without prior notice to Glazers. Therefore, there is good cause for relieving the FTC of the duty to provide Glazers with prior notice of the FTC's application;

5. Good cause exists for permitting the FTC to take limited expedited discovery from Glazers and third parties as to the existence and location of assets;

6. Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order with an asset freeze, limited expedited discovery as to the existence and location of assets, and other equitable relief is in the public interest; and

7. No security is required of any agency of the United States for the issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## II. DEFINITIONS

For the purposes of this Temporary Restraining Order, the following definitions apply:

A. **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendant Vito Glazers, or held for the benefit of Defendant Glazers, wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, all cash or currency, and trusts, including but not limited to a trust held for the benefit of Defendant Glazers, any of Defendant Glazers's minor children, or Defendant Glazers's spouse, and shall include both existing assets and assets acquired after the date of entry of this order, or any interest therein.

B. **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

C. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer, or other depository of any kind.

D. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity, including but not limited to a Financial Institution.

### III. ASSET FREEZE

**IT IS THEREFORE ORDERED** that Defendant Glazers, and his officers, agents, servants, employees, and attorneys, and all other Persons or entities directly or indirectly under the control of him, including any Financial Institution, and all other Persons or entities in active concert or participation with him who receive actual notice of this Order are hereby temporarily restrained and enjoined from directly or indirectly:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, or any interest therein, wherever located, including outside the United States, that are:

1. owned or controlled, directly or indirectly, by Defendant Glazers, in whole or in part, or held, in whole or in part, for the benefit of Defendant Glazers;

2. in the actual or constructive possession of Defendant Glazers;

3. owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Defendant Glazers, including, but not limited to, any Assets of Solomon Assets, LLC, or any other entity acting under a fictitious name owned by or controlled by Defendant Glazers, and any Assets held by, for, or under the name of Defendant Glazers at any Financial Institution;

B. Opening or causing to be opened any safe deposit boxes either titled in the name, individually or jointly, or subject to access by Defendant Glazers;

C. Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of Defendant Glazers;

D. Obtaining a personal or secured loan, individually or jointly;

4

E. Incurring liens or encumbrances on real property, personal property or other Assets in the name, singly or jointly, of Defendant Glazers; and

F. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of Defendant Glazers.

The Assets affected by this Section shall include: (1) all Assets of Defendant Glazers as of the time this Order is entered; and (2) for Assets obtained after the time this Order is entered. This Section does not prohibit the repatriation of foreign Assets.

### IV. COMPLETION OF FINANCIAL DISCLOSURE FORM

**IT IS FURTHER ORDERED** that within seven (7) days of the entry of this Order, Defendant Glazers shall submit a truthful, accurate, and complete FTC Financial Disclosure of Individual Defendant, a blank version of which is attached hereto as Exhibit 1, to the FTC.

### V. RETENTION OF ASSETS AND PRODUCTION OF DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a preliminary injunction, any Financial Institution, electronic data host, or Person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Glazers, or other party subject to Section III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, shall:

A. Hold, preserve, and retain within such Person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account,

document, electronically stored information, or asset held by or under such Person's control, except as directed by further order of the Court;

  B. Provide the FTC and the FTC's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Defendant Glazers for forensic imaging;

  C. Deny access to any safe deposit boxes that are either titled in the name, individually or jointly, or subject to access by Defendant Glazers, or other party subject to Section III above; and

  D. Provide to the FTC, within one (1) business day, a sworn statement setting forth:

   1. the identification of each account or asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant Glazers, or other party subject to Section III above, whether in whole or in part;

   2. the balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served;

   3. the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, Defendant Glazers, or other party subject to Section III above, whether in whole or in part; and

   4. if the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the Person to whom such account or other asset was remitted;

   5. Provide counsel for the FTC, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset,

including but not limited to: account statements, account applications, signature cards, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

      6.    Cooperate with all reasonable requests of the FTC relating to this Order's implementation.

**IT IS FURTHER ORDERED** that the accounts subject to this Order include all assets of Defendant Glazers deposited as of the time this Order is entered.

**IT IS FURTHER ORDERED** that, in addition to the information and documents required to be produced pursuant to this Order, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any Financial Institution, electronic data host, or other Person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Glazers, or other party subject to Section III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, and such Financial Institution, electronic data host or Person shall respond to such subpoena within three (3) business days after service. The FTC may effect service by electronic mail.

## VI. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning Defendant Glazers pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## VII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Glazers, within three (3) business days of receipt of this Order, must submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

## VIII. CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent via electronic submission and Federal Express to:

> Colin D. A. MacDonald
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Mail Drop CC-9528
> Washington, DC 20580
> Telephone: (202) 326-3192
> Fax: (202) 326-3197
> Email: cmacdonald@ftc.gov

## IX. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or Person that may have possession, custody, or control of any documents or assets of Defendant Glazers, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution.

## X. PRELIMINARY INJUNCTION HEARING

**IT IS ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that Defendant Glazers shall appear before this Court on the 3d day of November, 2016, at 9— o'clock a.m./p.m., at the United States District Courthouse, Courtroom 2303, Chicago, Illinois, to show cause, if there is any, why this Court should not enter a preliminary injunction enjoining the violations of law alleged in the FTC's Complaint, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

**IT IS FURTHER ORDERED** that Defendant Glazers shall file with the Court and serve on the FTC's counsel any answering pleadings, affidavits, motions, expert reports, declarations, witness lists with detailed summaries of expected witness testimony, and/or legal memoranda, no later than five days prior to the hearing. The FTC may file responsive or supplemental pleadings, materials, affidavits, witness lists with detailed summaries of expected witness testimony, and/or memoranda with the Court and serve them on Defendant Glazers's counsel no later than two days prior to that hearing. Such affidavits, pleadings, motions, expert reports, declarations, witness lists with detailed summaries of expected witness testimony, legal memoranda and/or oppositions must be served by electronic mail (or Federal Express, if electronic mail is impractical), and must be received by the other party no later than the deadlines set forth in this Section.

## XI. DURATION OF ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on the 28th day of October, 2016, at 9:45 o'clock a.m./p.m., unless within such time the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

9

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 14th day of October, 2016, at 9:45 AM/~~PM~~, Central Daylight Time.

Dated: October 14, 2016

_____
MILTON I. SHADUR
UNITED STATES DISTRICT JUDGE

## BACKGROUND INFORMATION

### Item 1. Information About You

| Full Name | Social Security No. | |
|---|---|---|
| Current Address of Primary Residence | Driver's License No. | State Issued |
| | Phone Numbers<br>Home: (   )<br>Fax: (   ) | Date of Birth:   /   /<br>(mm/dd/yyyy)<br>Place of Birth |
| ☐ Rent  ☐ Own   From (Date):   /   /<br>(mm/dd/yyyy) | E-Mail Address | |
| Internet Home Page | | |

**Previous Addresses for past five years** (if required, use additional pages at end of form)

| Address | From:   /   /   Until:   /   /<br>(mm/dd/yyyy)        (mm/dd/yyyy)<br>☐ Rent  ☐ Own |
|---|---|
| Address | From:   /   /   Until:   /   /<br>☐ Rent  ☐ Own |
| Address | From:   /   /   Until:   /   /<br>☐ Rent  ☐ Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>  /   /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(   ) | Place of Birth |
| | ☐ Rent  ☐ Own | From (Date):   /   /<br>(mm/dd/yyyy) |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>  /   /<br>(mm/dd/yyyy) |

### Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(   ) |
|---|---|

Initials: _____

### Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |

### Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / / / | To (Month/Year) / / / | | $ $ $ $ |

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / / / | To (Month/Year) / / / | | $ $ $ $ |

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) / / / | To (Month/Year) / / / | | $ $ $ $ |

Initials: _____

**Item 7. Pending Lawsuits Filed By or Against You or Your Spouse**
List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. **Note:** At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 8. Safe Deposit Boxes**
List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

| FINANCIAL INFORMATION | | | | |
|---|---|---|---|---|
| **REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement. | | | | |
| **ASSETS** | | | | |

**Item 9. Cash, Bank, and Money Market Accounts**
List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand $ | | Form of Cash on Hand | | |
|---|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | | Account No. | Current Balance |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 10. Publicly Traded Securities**
List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

**Item 11. Non-Public Business and Financial Interests**
List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Item 12. Amounts Owed to You, Your Spouse, or Your Dependents**

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

**Item 13. Life Insurance Policies**
List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

**Item 14. Deferred Income Arrangements**
List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
|  | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|  | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

### Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
|  | $ | / / |
|  | $ | / / |
|  | $ | / / |

### Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make |  | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model |  | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make |  | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model |  | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make |  | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model |  | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make |  | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model |  | Address of Vehicle's Location | Lender's Name and Address | | |

### Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

Initials: _____

### Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ | |
| | | Monthly Payment $ | |
| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit | |
| | Current Balance $ | Monthly Rent Received $ | |
| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ | |
| | | Monthly Payment $ | |
| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit | |
| | Current Balance $ | Monthly Rent Received $ | |

## LIABILITIES

### Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

### Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred / / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| | Lender/Creditor's Relationship to You | | |
| Date Liability Was Incurred / / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |

## OTHER FINANCIAL INFORMATION

### Item 22. Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | / / | | | $ |
| | / / | | | $ |
| | / / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

### Item 23. Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | / / | |
| | | $ | / / | |
| | | $ | / / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

| | |
|---|---|
| **Item 24. Document Requests** Provide copies of the following documents with your completed Financial Statement. | |
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

### Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties Source: | $ | Property Taxes for Residence(s) | $ |
| Interest Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs Source: | $ | Utilities | $ |

Initials: _____

| Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | | $ |
| Social Security Payments | $ | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| Total Income | $ | Total Expenses | | $ |

## ATTACHMENTS

**Item 27. Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement. For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

   I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                              Signature