## DECLARATION OF ANTHONY GALES

### Pursuant to 28 U.S.C. § 1746

I, Anthony L. Gales, hereby state that I have personal knowledge of the facts set forth below.  If called as a witness, I could and would testify as follows:

1. I am a citizen of the United States and I am over eighteen years of age.

2. I am a Federal Trade Investigator for the Federal Trade Commission ("FTC" or "Commission").  I am presently assigned to the Enforcement Division of the FTC's Bureau of Consumer Protection in Washington, DC.  My work address is 600 Pennsylvania Ave. NW, Mailstop CC-9528, Washington, DC 20580.  As an investigator with the FTC, my duties include investigating possible violations of the FTC Act and violations of federal court orders obtained by the Commission.  I have been an investigator since June 2015.

3. I was an Investigator for the Department of Justice, Civil Rights Division, Special Litigation Section, from February 2008 through June 2015.

4. I earned Bachelor of Science and Master of Science degrees in Criminal Justice from the University of Cincinnati in 1998 and 2006, respectively.

5. Since July 2016, I have been assigned to work on the CPATank, Inc. matter and have acted as the primary custodian of all Civil Investigative Demand ("CID") returns.  I received the files and ensured that the returns were preserved in both hard copy and digital form.  FTC staff placed the digital form of these files on the Division of Enforcement shared drive.

6. Exhibits to this declaration have been redacted in accordance with Fed. R. Civ. P. 5.2.  Additionally, the FTC has removed the following information in its entirety:  Social

1

Security numbers, taxpayer identification numbers, financial account customer numbers, credit scores, dates of birth, driver's license numbers, house number and street name on personal residence addresses, minor children's names, personal telephone numbers, personal email addresses, loan account numbers, and sensitive health information.

**Statements and Reports**

7. A true and correct copy of Vito Glazers's Federal Trade Commission Financial Statement of Individual Defendant dated November 19, 2013 is included with this declaration as **Attachment A**.

8. A true and correct copy of Vito Glazers's compliance report submitted to the FTC on January 16, 2016 is included with this declaration as **Attachment B**.

**Civil Investigative Demands**

9. The FTC served a CID, dated August 11, 2016, on the PrivateBank and Trust Company ("PrivateBank") in the course of the investigation of the accuracy of Glazers's financial statements. Selected pages from the returns from that CID are included with this declaration as noted below.

10. A true and correct copy of the FTC's August 2016 CID to PrivateBank is included with this declaration as **Attachment C**.

11. A true and correct copy of the August 25, 2016 Certification from PrivateBank, attesting to its production of responsive documents, as well as the documents produced therewith, is included with this declaration as **Attachment D**.

12. A true and correct copy of the September 7, 2016 Certification from PrivateBank, attesting to its production of responsive documents, as well as the documents produced therewith, is included with this declaration as **Attachment E**.

**Television Promotional Materials**

13. On July 22, 2016, I visited the website for WeTV's "Mystery Millionaire" program.  I

visited pages that are publicly accessible through a Google search.

14. I viewed the page about Vito Glazers, accessible at http://www.wetv.com/shows/mystery-

millionaire/cast/vito.  A copy of that page is included with this declaration as

**Attachment F**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2016                          /s/ Anthony Gales
                                                 Anthony Gales

# ATTACHMENT A

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1. Information About You

| Full Name | Social Security No. | | |
|---|---|---|---|
| Vito Glazers | | | |

| Current Address of Primary Residence | Driver's License No. | | State Issued |
|---|---|---|---|
| | | | IL |

Mt. Prospect, Illinois 60056

| Phone Numbers | Date of Birth |
|---|---|
| Home: | (mm/dd/yyyy) |
| Fax: ( ) | Place of Birth |

☐Rent ☐Own  From (Date): / / (mm/dd/yyyy)

| E-Mail Address |
|---|
| |

Internet Home Page
twitter.com/vitoglazers

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From: 12/15/2009  Until: 12/15/2013 (mm/dd/yyyy)     (mm/dd/yyyy) |
|---|---|
| Chicago, Illinois 60610 | ☒Rent ☐Own |

| Address | From: / /     Until: / / |
|---|---|
| | ☐Rent ☐Own |

| Address | From: / /     Until: / / |
|---|---|
| | ☐Rent ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| None | | |

| Address (if different from yours) | Phone Number ( ) | Place of Birth |
|---|---|---|
| | ☐Rent ☐Own | From (Date): / / (mm/dd/yyyy) |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages $ |

### Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| N/A | Date of Birth / / (mm/dd/yyyy) |

### Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number ( ) |
|---|---|
| | |

Initials: **VG**

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| None | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| CPATank, Inc. | | | Year | Income * |
| | From (Month/Year) 04 / 2010 | To (Month/Year) 12 / 2012 | 2010 | $ 69,444 |
| Mt. Prospect, IL 60056 | | | 2011 | $ 436,538 |
| Ownership Interest? ☒ Yes ☐ No | | | 2012 | $ 315,680 |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| President | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| Sole Proprietor | | | Year | Income |
| | From (Month/Year) 01 / 2008 | To (Month/Year) 12 / 2009 | 2009 | $ 90,775 |
| Ownership Interest? ☐ Yes ☐ No | | | 2008 | $ 47,262 |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| Marketing Consultant | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| | | | Year | Income |
| | From (Month/Year) / | To (Month/Year) / | 20 | $ |
| Ownership Interest? ☐ Yes ☐ No | | | | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

*These figures represent adjusted gross income as reported on the individual's Form 1040 income tax returns.

Initials: **VG**

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. *Note: At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| Glazers v. Eagle Web Assets, Inc., Tom Eagle and Ryan Eagle | Circuit Court of Cook County | 2013L2546 | Breach of Contract | Money Damages | Pending against Tom Eagle |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| Vito Glazers | Chase Bank | Unknown | Empty |
| | | | |
| | | | |

Initials: __VG__

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

### ASSETS

### Item 9. Cash, Bank, and Money Market Accounts
List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a. Amount of Cash on Hand  $ | | Form of Cash on Hand | | |
|---|---|---|---|---|
| b. Name on Account | Name & Address of Financial Institution | | Account No. | Current Balance |
| Vito Glazers | Chase | | ▄▄▄▄▄▄▄▄ | $ 1,637.33 |
| Guaranteed Global | MB Financial | | | $ 10,361.80 |
| One World Publishing (Operating Account) | Bank of America | | ▄▄▄▄▄▄▄▄ | $ 3,739.43 |
| One World Publishing (One World Network Account) | Bank of America | | ▄▄▄▄▄▄▄▄ | $ 595.37 |
| | | | | $ |

### Item 10. Publicly Traded Securities
List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| None | | | | |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: **VG**

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| CPATank, Inc. | C-Corp | Self | 100% | President |
| One World Publishing | LLC | Self | 100% | Manager |
| Solomon Assets | LLC | Self | 100% | Manager |
| Guaranteed Global | C-Corp | Self | 100% | President |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address<br>Ryan Eagle and Eagle Web Assets<br><br>Buffalo Grove, IL | Date Obligation Incurred (Month/Year)<br>12 / 2012 | Original Amount Owed<br>$ 273,000 | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed<br>$273,000 | Payment Schedule<br>$ 0 | Judgment |
| Debtor's Telephone | Debtor's Relationship to You<br>Former Associate | | See Item 7 |

| Debtor's Name & Address | Date Obligation Incurred (Month/Year)<br>/ | Original Amount Owed<br>$ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed<br>$ | Payment Schedule<br>$ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No.<br><br>None | Beneficiary | | Policy No. | Face Value<br>$ |
|---|---|---|---|---|
| | Insured | | Loans Against Policy<br>$ | Surrender Value<br>$ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | | Policy No. | Face Value<br>$ |
| | Insured | | Loans Against Policy<br>$ | Surrender Value<br>$ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No.<br><br>None | Name on Account | | Account No. | |
|---|---|---|---|---|
| | Date Established<br>/ /<br>(mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties<br>$ | |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
| | Date Established<br>/ / | Type of Plan | Surrender Value before Taxes and Penalties<br>$ | |

Initials: __VG__

## Item 15. Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected (mm/dd/yyyy) |
|---|---|---|
| None | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16. Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price | Original Loan Amount | Current Balance |
|---|---|---|---|---|---|
| Bentley | 2007 | Vito Glazers | $ 115,000 | $ 75,000 | $ 65,832 |
| **Make** GTC | | **Registration State & No.** Illinois | **Account/Loan No.** | **Current Value** $ 75,000 | **Monthly Payment** $ 1,306.42 |
| **Model** | | **Address of Vehicle's Location** | **Lender's Name and Address** TD Waterhouse | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price | Original Loan Amount | Current Balance |
|---|---|---|---|---|---|
| SUV | 2008 | Vito Glazers | $ 43,000 | $ | $ 37,496.32 |
| **Make** Land Rover | | **Registration State & No.** Illinois | **Account/Loan No.** | **Current Value** $ 38,000 | **Monthly Payment** $ 735.63 |
| **Model** Range Rover | | **Address of Vehicle's Location** | **Lender's Name and Address** | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price | Original Loan Amount | Current Balance |
|---|---|---|---|---|---|
| | | | $ | $ | $ |
| **Make** | | **Registration State & No.** | **Account/Loan No.** | **Current Value** $ | **Monthly Payment** $ |
| **Model** | | **Address of Vehicle's Location** | **Lender's Name and Address** | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price | Original Loan Amount | Current Balance |
|---|---|---|---|---|---|
| | | | $ | $ | $ |
| **Make** | | **Registration State & No.** | **Account/Loan No.** | **Current Value** $ | **Monthly Payment** $ |
| **Model** | | **Address of Vehicle's Location** | **Lender's Name and Address** | | |

## Item 17. Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| Watches | Vito Glazers | Chicago | $ 75,000 | $ 37,500 |
| | | | $ | $ |
| | | | $ | $ |

Initials: **VG**

## Item 18. Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| None | | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| | | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

## Item 19. Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| One World Publishing AMEX | | Vito Glazers | $ 4,269.20 |
| Guaranteed Global AMEX | | Vito Glazers | $ 2,393.89 |
| CPATank AMEX | | Vito Glazers | $ 33.33 |
| Visa Black | | Vito Glazers | $ 634 |
| | | | $ |

## Item 20. Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| Illinois state tax penalty | $ 438.00 | 2012 |
| | $ | |
| | $ | |

Initials: **VG**

## Item 21. Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|---|
| Dale & Gensburg, P.C. | | Legal Fees |
| | | Lender/Creditor's Relationship to You |
| | | Attorney |

| Date Liability Was Incurred / / ongoing (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ 14,620.10 | Payment Schedule $4,000 monthly |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|---|
| | | |
| | | Lender/Creditor's Relationship to You |
| | | |

| Date Liability Was Incurred / / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

## Item 22. Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Include any legal retainers being held on your behalf by legal counsel. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| None | / / | | | $ |
| | / / | | | $ |
| | / / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23. Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties). For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| Sally Mae | Ex-girlfriend, Paid off Car | $ 15,000 | 05/ /2013 | Gift |
| | | $ | / / | |
| | | $ | / / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: **VG**

| | **Item 24. Document Requests** Provide copies of the following documents with your completed Financial Statement. |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 24 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ 16,334 | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ 103,328 |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ 7,330 |
| Non-Public Business and Financial Interests (Item 11) | $ * | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ + | Amounts Owed by You (Item 21) | $ 14,620 |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ 113,000 | * Closely held companies have little or no value | $ |
| Other Personal Property (Item 17) | $ 37,500 | | $ |
| Real Property (Item 18) | $ | + Value of Judgment depends on ability to collect | $ |
| **Other Assets (Itemize)** | | against non-cooperative defendant | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ 166,834 | **Total Liabilities** | $ 125,278 |

### Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes Source: | $ 0 | Mortgage or Rental Payments for Residence(s) | $ 3,000 |
| Fees, Commissions, and Royalties Source: | $ 0 | Property Taxes for Residence(s) | $ 0 |
| Interest Source: | $ 0 | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ '0 |
| Dividends and Capital Gains Source: | $ 0 | Car or Other Vehicle Lease or Loan Payments | $ 2,041 |
| Gross Rental Income Source: | $ 0 | Food Expenses | $ 1,500 |
| Profits from Sole Proprietorships Source: | $ 0 | Clothing Expenses | $ 200 |
| Distributions from Partnerships, S-Corporations, and LLCs Source: | $ 0 | Utilities | $ 500 |

Initials: **VG**

| Item 27. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | | | |
|---|---|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ 0 | | Medical Expenses, Including Insurance | | $ 0 |
| Distributions from Deferred Income Arrangements<br>Source: | $ 0 | | Other Insurance Premiums | Car | $ 425 |
| Social Security Payments | $ 0 | | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ 0 | | Other Expenses (Itemize) | | |
| Gambling Income | $ 0 | | | | $ |
| Other Income (Itemize) | | | | | $ |
| | $ 0 | | | | $ |
| | $ | | | | $ |
| | $ | | | | $ |
| Total Income | $ 0 | | Total Expenses | | $ 7,666 |

## ATTACHMENTS

### Item 28. Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

**11/19/2013**
(Date)

Signature

ATTACHMENT B

FTC v. CPATank, Inc.; FTC No. X140019
Vito Glazers ("Defendant")
Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable
Relief ("Order")

**Section VII.  Compliance Reporting**

A.

1.

(a) Primary physical, postal and email address and telephone number the Commission may use to communicate with Defendant:

Vito Glazers



Mt. Prospect, IL 60056

(b) Defendant's Businesses Identified:

Guaranteed Global LTD
40 E. Chicago Avenue #152 (UPS Store mailbox)
Chicago, IL 60610
No telephone number
GuaranteedGlobal.com

One World Publishing LLC
4044 N. Lincoln Ave #516 (UPS Store mailbox)
Chicago, IL 60618
No telephone number
No website

Solomon Assets LLC
Agent Address:
Corporate Services Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808
No telephone number

-1-

No website

**(c) Business Activities Identified:**

Guaranteed Global LTD is a "C" Corporation originally formed in November 2011 to be the personal management holding company of One World Publishing LLC and Solomon Assets LLC, for which it was paid a management fee. The Defendant has been at all times the 100% shareholder and sole officer and employee of Guaranteed Global. Operations and activities were ceased before the entry of the Order. In or around October 2014, Guaranteed Global resumed business activities, but is now in the business of social media management. Defendant continues to be the sole shareholder, officer and employee of Guaranteed Global and Guaranteed Global has employed no independent contractors or other agents since it recommenced its operations and activities.

One World Publishing LLC is a limited liability company formed in November 2011 and owns 50% of CPATank, a Co-defendant subject to the Order. One World Publishing was also in the business of providing freelance consulting services on internet marketing, branding, and website management, but none of such activities were related to affiliate marketing. The Defendant has been at all times the 100% shareholder and sole officer and employee of One World Publishing LLC. All operations and activities were ceased before the entry of the Order and no operations or activities have recommenced to date.

Solomon Assets LLC is a limited liability company formed in November 2011 to hold personal and unencumbered assets of the Defendant. Defendant has been at all times the 100% shareholder and sole officer and employee of Solomon Assets LLC. Solomon Assets LLC has held no assets and ceased operations and activities as of before the entry of the Order and no operations or activities have recommenced to date.

**(d) Description of Defendant's Compliance with the Order:**

Compliance with Section I of the Order: Defendant has not engaged in nor has assisted in the making, initiating, or procuring the transmission of unauthorized or unsolicited commercial electronic text messages to mobile telephones or other wireless devices, pursuant to the entry of the Order.

Compliance with Section II of the Order: Defendant has not made any misrepresentations of material fact of any kind whatsoever in connection with any

-2-

business activities, has not failed to disclose and has not assisted others in failing to disclose the material terms and conditions of any offer, and has not engaged in any activities related to affiliate marketing, pursuant to the entry of the Order.

Compliance with Section III of the Order: Defendant paid $20,000 to the Commission pursuant to the terms of the Order. Defendant also returned the 2007 Bentley listed on the November 19, 2013 financial statement to the dealership from which it was obtained. There were no net proceeds from the return of the Bentley to the dealership. Defendant complied with all other requirements concerning the Bentley pursuant to the Order.

Compliance with Section IV of the Order: Neither Defendant nor on information and belief any of Defendant's officers, agents, servants and employees who received actual notice of the Order maintained records of customer information.

Compliance with Section V of the Order: Defendant has and will continue to comply with Section V of the Order regarding Defendant's cooperation with representatives of the Commission in connection with his case or in any investigation related to or associated with the transactions or occurrences that were subject to the Complaint upon which the Order was entered or in any other proceedings that a Commission representative may reasonably request pursuant to the Order.

Compliance with Section VI of the Order: Defendant has and will continue to comply with the requirement for the delivery of a copy of the Order to all principals, officers, directors, LLC managers and members, employees, agents, and representatives who participate in conduct related to the subject matter of the Order, and any business entity resulting from any change in structure, and to obtain acknowledgments of such delivery pursuant to the Order.

Compliance with Section VII of the Order: Defendant hereby complies with Section VII of the Order by submitting this Compliance Report.

Compliance with Section VIII of the Order: Defendant has and will continue to comply with Section VIII of the Order regarding recordkeeping requirements pertaining to his business activities.

Compliance with Section IX of the Order: Defendant has and will continue to comply with Section IX of the Order regarding additional compliance reporting to and communications with the Commission.

-3-

**(e) Copies of Order Acknowledgments Obtained:**

Defendant has not to date been required to deliver copies of the Order and obtain acknowledgments of the receipts of same pursuant to the terms of the Order. Defendant is not aware of any principals, officers, directors, LLC managers or members of any business in which Defendant had or has any ownership interest other than the Defendant himself or his Co-defendants subject to the Order. Defendant is not aware of any employees, agents or representatives of any business in which Defendant had an ownership interest other than the Defendant himself or his Co-defendants as of the date of the entry of the Order. No business entity in which Defendant has an ownership interest has engaged in conduct related to the subject matter of the Order as of its entry. There have been no changes in the structure of any business entity in which Defendant had or has an ownership interest.

**2.**

**(a) All physical, postal and email addresses and telephone numbers of Defendant:**

See Responses to Section VII.A.1.(a) and (b) above.

**(b) Business and Employee Activities of Defendant:**

Defendant is currently the sole owner, officer, employee and agent of Guaranteed Global LTD, which engages in the business of social media management or "new media platform" brand management. This business primarily provides copywriting services for individual and business clients to post on their social media accounts and some graphic design services. There is no affiliate marketing component to these services.

In addition, Defendant individually provides freelance construction and home renovation services. Defendant also works individually as an actor and is paid on a freelance or independent contractor basis for his acting services.

**(c) Title, role, responsibilities, participation, authority, control and ownership related to Business and Employee Activities:**

See Response to Section VII.A.2.(b) above.

**B.**

-4-

1.

    **(a) Changes in designated points of contact:**

      None.

    **(b) Changes in the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent or affiliate that engages in any acts or practices subject to this Order:**

      None.

2.

    **(a) Changes in name or residence address:**

      None.

    **(b) Changes in title or role in any business activity, including businesses for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and the name, physical address, and any Internet address of such businesses or entities identified:**

      Defendant is the sole owner, officer, employee and agent of Guaranteed Global LTD, which as stated above now engages in the business of social media management or "new media platform" brand management. This business primarily provides copywriting services for individual and business clients to post on their social media accounts and some graphic design services. There is no affiliate marketing component to these services. Guaranteed Global's clients are primarily individuals who hire its services for limited, as opposed to ongoing, engagements. Guaranteed Global currently has one corporate client by the name of Samson Roll Formed Products, located at 6107 Oakton Street, Skokie, IL 60077. Its Internet address is www.samsonrollform.com.

      Defendant individually provides freelance construction and home renovation services, mostly for friends and family. Defendant also works individually as an

-5-

actor and is paid on a freelance or independent contractor basis for his acting services. He is paid by various individuals and companies for these limited engagements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **1-16-2016**              Signature:_____

Vito Glazers, Individually

-6-

ATTACHMENT C



United States of America
Federal Trade Commission

# *CIVIL INVESTIGATIVE DEMAND*

1. TO

The PrivateBank and Trust Company
Attn: Custodian of Records
120 S. La Salle St. Ste. 400
Chicago, IL 60603

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

2. ACTION REQUIRED

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
| | |
| | DATE AND TIME OF HEARING OR DEPOSITION |
| | |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☐ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

☐ You are required to produce the tangible things described on the attached schedule. Produce such things to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS, ANSWERS TO INTERROGATORIES, REPORTS, AND/OR TANGIBLE THINGS MUST BE AVAILABLE

## AUG 2 5 2016

3. SUBJECT OF INVESTIGATION

See attached resolution

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Anthony Gales (Custodian) | Colin D. A. MacDonald |
| Colin D. A. MacDonald (Deputy Custodian) | Federal Trade Commission |
| Federal Trade Commission | 600 Pennsylvania Ave. NW CC-9528 |
| 600 Pennsylvania Ave. NW CC-9528 | Washington, DC 20580 |
| Washington, DC 20580 | (202) 326-3192, cmacdonald@ftc.gov |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 8 11 2016 | *[signature]* |

### INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

### YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

### TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

# Form of Certificate of Compliance*

I/We do certify that all of the documents, information and tangible things required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document or tangible thing responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to its submission and the reasons for the objections have been stated.

Signature _____

Title _____

Sworn to before me this day

_____     _____

_____
Notary Public

_____

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:           **Edith Ramirez, Chairwoman**
                              **Maureen K. Ohlhausen**
                              **Terrell McSweeny**

**RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN NON-PUBLIC
INVESTIGATION OF UNNAMED PERSONS, PARTNERSHIPS OR CORPORATIONS
ENGAGED IN THE DECEPTIVE OR UNFAIR USE OF E-MAIL, METATAGS,
COMPUTER CODE OR PROGRAMS, OR DECEPTIVE OR UNFAIR PRACTICES
INVOLVING INTERNET-RELATED GOODS OR SERVICES**

**File No. 9923259**

Nature and Scope of Investigation:

To determine whether unnamed persons, partnerships or corporations have been or are engaged in the deceptive or unfair use of e-mail, metatags, computer code or programs, or deceptive or unfair practices involving Internet-related goods or services, in violation of Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52, as amended. The investigation is also to determine whether Commission action to obtain equitable monetary relief for injury to consumers or others would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; FTC Procedures and Rules of Practice, 16 C.F.R. Part 1.1 et seq. and supplements thereto.

By direction of the Commission.

Donald S. Clark
Secretary

Issued: August 1, 2016

## CIVIL INVESTIGATIVE DEMAND
## SCHEDULE FOR PRODUCTION OF DOCUMENTS

### I.     DEFINITIONS

As used in this Civil Investigative Demand, the following definitions shall apply:

A.     "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.     "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C.     "**CID**" shall mean the Civil Investigative Demand, including the attached Resolution and this Schedule, and including the Definitions, Instructions, and Specifications.

D.     "**Company**" shall mean **The PrivateBank and Trust Company**, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

E.     "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. "**Document**" **shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

F.     "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

G.     "**Electronically Stored Information**" **or** "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on:  cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

H.     **"FTC"** or **"Commission"** shall mean the Federal Trade Commission.

I.     **"Identify"** or **"the identity of"** shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

J.     **"Referring to"** or **"relating to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

K.     **"You"** and **"your"** shall mean the person or entity to whom this CID is issued and includes the "Company".

## II.     INSTRUCTIONS

A.     **Confidentiality:**  This CID relates to an official, nonpublic, law enforcement investigation currently being conducted by the Federal Trade Commission.  You are requested not to disclose the existence of this CID until you have been notified that the investigation has been completed.  Premature disclosure could impede the Commission's investigation and interfere with its enforcement of the law.

B.     **Meet and Confer:**  You must contact **Colin D. A. MacDonald** at **(202) 326-3192** as soon as possible to schedule a meeting (telephonic or in person) to be held within ten (10) days after receipt of this CID, or before the deadline for filing a petition to quash, whichever is first, in order to discuss compliance and to address and attempt to resolve all issues, including issues relating to protected status and the form and manner in which claims of protected status will be asserted, and the submission of ESI and other electronic productions as described in these Instructions.  Pursuant to 16 C.F.R. § 2.7(k), you must make available personnel with the knowledge necessary for resolution of the issues relevant to compliance with this CID, including but not limited to personnel with knowledge about your information or records management systems, relevant materials such as organizational charts, and samples of material required to be produced.  If any issues relate to ESI, you must make available a person familiar with your ESI systems and methods of retrieval.

C.     **Applicable time period:**  Unless otherwise directed in the specifications, the applicable time period for the request shall be from **January 1, 2013, through December 31, 2014**.

D.     **Claims of Privilege:**  If any material called for by this CID is withheld based on a claim of privilege, work product protection, or statutory exemption, or any similar claim (*see* 16 C.F.R. § 2.7(a)(4)), the claim must be asserted no later than the return date of this CID.  In addition, pursuant to 16 C.F.R. § 2.11(a)(1), submit, together with the claim, a detailed log of the items withheld.  The information in the log shall be of sufficient detail to enable the Commission staff to assess the validity of the claim for each document, including attachments, without disclosing

the protected information.  Submit the log in a searchable electronic format, and, for each document, including attachments, provide:

       1.     Document control number(s);

       2.     The full title (if the withheld material is a document) and the full file name (if the withheld material is in electronic form);

       3.     A description of the material withheld (for example, a letter, memorandum, or email), including any attachments;

       4.     The date the material was created;

       5.     The date the material was sent to each recipient (if different from the date the material was created);

       6.     The email addresses, if any, or other electronic contact information to the extent used in the document, from which and to which each document was sent;

       7.     The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all authors;

       8.     The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all recipients of the material;

       9.     The names, titles, business addresses, email addresses or other electronic contact information, and relevant affiliations of all persons copied on the material;

       10.    The factual basis supporting the claim that the material is protected; and

       11.    Any other pertinent information necessary to support the assertion of protected status by operation of law.

16 C.F.R. § 2.11(a)(1)(i)-(xi).

     In the log, identify by an asterisk each attorney who is an author, recipient, or person copied on the material.  The titles, business addresses, email addresses, and relevant affiliations of all authors, recipients, and persons copied on the material may be provided in a legend appended to the log.  However, provide in the log the information required by Instruction D.6.  16 C.F.R. § 2.11(a)(2).  The lead attorney or attorney responsible for supervising the review of the material and who made the determination to assert the claim of protected status must attest to the log.  16 C.F.R. § 2.11(a)(1).

     If only some portion of any responsive material is privileged, all non-privileged portions of the material must be submitted.  Otherwise, produce all responsive information and material without redaction.  16 C.F.R. § 2.11(c).  The failure to provide information sufficient to support a claim of protected status may result in denial of the claim.  16 C.F.R. § 2.11(a)(1).

E.    **Document Retention:**  You shall retain all documentary materials used in the preparation of responses to the specifications of this CID. The Commission may require the submission of additional documents at a later time during this investigation. **Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents** that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

F.    **Petitions to Limit or Quash:**  Any petition to limit or quash this CID must be filed with the Secretary of the Commission no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition shall set forth all assertions of protected status or other factual and legal objections to the CID, including all appropriate arguments, affidavits, and other supporting documentation. 16 C.F.R. § 2.10(a)(1). Such petition shall not exceed 5,000 words as set forth in 16 C.F.R. § 2.10(a)(1) and must include the signed separate statement of counsel required by 16 C.F.R. § 2.10(a)(2). **The Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process. 16 C.F.R. § 2.7(k);** *see also* **§ 2.11(b).**

G.    **Modification of Specifications:**  If you believe that the scope of the required search or response for any specification can be narrowed consistent with the Commission's need for documents or information, you are encouraged to discuss such possible modifications, including any modifications of definitions and instructions, with **Colin MacDonald** (**cmacdonald@ftc.gov** or **202-326-3192**). All such modifications must be agreed to in writing by the Bureau Director, or a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director. 16 C.F.R. § 2.7(l).

H.    **Certification:**  A responsible corporate officer shall certify that the response to this CID is complete. This certification shall be made in the form set out on the back of the CID form, or by a declaration under penalty of perjury as provided by 28 U.S.C. § 1746.

I.    **Scope of Search:**  This CID covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

J.    **Document Production:**  You shall produce the documentary material by making all responsive documents available for inspection and copying at your principal place of business. Alternatively, you may elect to send all responsive documents to **Anthony Gales**, Federal Trade Commission, 600 Pennsylvania Ave. NW CC-9528, Washington, DC, 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to **Colin MacDonald** (**cmacdonald@ftc.gov** or **202-326-3192**) at least five days prior to the return date.

K.     **Document Identification:**  Documents that may be responsive to more than one specification of this CID need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this CID have been previously supplied to the Commission, you may comply with this CID by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number all documents in your submission with a unique identifier, and indicate the total number of documents in your submission.

L.     **Production of Copies:**  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this CID. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request. Copies of marketing materials and advertisements shall be produced in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

M.     **Electronic Submission of Documents:**  See the attached "Federal Trade Commission, Bureau of Consumer Protection ZyLab Production Requirements," which details all requirements for submission of information, generally requiring that files be produced in native form and specifying the metadata to be produced. As noted in the attachment, some items require discussion with the FTC counsel **prior to** production, which can be part of the general "Meet and Confer" described above. If you would like to arrange a separate discussion involving persons specifically familiar with your electronically stored information (ESI) systems and methods of retrieval, make those arrangements with FTC counsel when scheduling the general meet and confer discussion.

N.     **Sensitive Personally Identifiable Information:**  If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production. If that information will not be redacted, contact us to discuss encrypting any electronic copies of such material with encryption software such as SecureZip and provide the encryption key in a separate communication.

For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport

number; financial account number; credit card number; or debit card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

O.    **Certification of Records of Regularly Conducted Activity:** Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena the Company to testify at future proceedings in order to establish the admissibility of documents produced in response to this CID. You are asked to execute this Certification and provide it with your response.

P.    **Right to Financial Privacy Act**: The documents demanded by this CID exclude any materials for which prior customer notice is required under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, *et seq.*

    1.    RFPA, 12 U.S.C. § 3401(5), defines "customer" as any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name.

    2.    RFPA, 12 U.S.C. § 3401(4), defines "person" as an individual or a partnership of five or fewer individuals.

    3.    The records demanded herein relate to an account or accounts at the Company in the name of a corporation or other entity that is not an individual or partnership of five or fewer individuals.

Q.    **Exclusion of Suspicious Activity Reports:** The documents demanded by this CID exclude Suspicious Activity Reports, which should not be produced.

## III.    SPECIFICATIONS

**"Corporate Accounts"** shall mean accounts maintained by the Company:

    1.    In the name of Solomon Assets, LLC, including but not limited to the account that has been assigned an account number ending 5487; and

    2.    In the name of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, to which Vito Glazers is a signatory or has other authority that is comparable to signatory authority.

If you are unable to locate the subject accounts, please contact Colin MacDonald at (202) 326-3192.

A. Produce any and all documents relating to each **Corporate Account**, including but not limited to the following:

1. Signature cards, corporate resolutions, and all other documents regarding signatories on the account;

2. Copies of monthly or periodic bank statements;

3. Copies of checks, drafts, wire transfers, ACH transfers, and other debit instruments, including any agreements and instructions regarding such debit instruments;

4. Copies of all deposit tickets, credits and wire transfers, ACH transfers, and other deposit instruments, including any agreements and instructions regarding such credit instruments; and

5. Copies of all correspondence relating to the account, including, but not limited to, correspondence about the deposit or withdrawal of funds.

**NOTE:** **The documents demanded by this CID exclude any information for which prior customer notice is required under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, *et seq*. Documents produced should not contain any additional information. If you have any questions about these requests, please contact FTC staff attorney Colin MacDonald at (202) 326-3192 before providing responsive documents.**

### Federal Trade Commission, Bureau of Consumer Protection
### ZyLab Production Requirements

Submit all documents according to the instructions, below. Some instructions require **discussion with FTC counsel prior to production**, which can be part of a general "Meet and Confer" between the parties or a separate discussion involving persons specifically familiar with your electronically stored information (ESI) systems and methods of retrieval.

#### Types of Files

1. Native or Near-Native Files

   a. Whenever possible, produce responsive ESI in its native form; that is, in the form in which the information was customarily created, used and stored by the native application employed by the producing party in the ordinary course of business (i.e., .doc, .xls, .ppt, .pdf).

   b. If production of an ESI item in its native form is infeasible, it may be produced in a near-native form (i.e., there is not a material loss of content, structure or functionality as compared to the native form) that the FTC agrees to prior to production.

   c. Native files containing embedded files must have those files extracted, produced in their native form in accordance with #1.a., and have the parent/child relationship identified in the accompanying production metadata.

2. Databases

   a. Microsoft Access databases may be produced in either .mdb or .accdb format.

   b. Discuss all other database formats with the FTC prior to production.

3. Multimedia

   a. Multimedia files (i.e., audio, video) may be produced in .mp3 or .mp4 formats.

   b. Discuss production of multimedia (i.e., audio, video) in other file formats with the FTC prior to production.

4. Discuss production of instant messages, CRM, proprietary applications, and any other type of ESI not specifically referenced in #1, 2, or 3 with the FTC prior to production.

5. Hard Copy Documents

   a. Scan in an electronic format documents stored in hard copy in the ordinary course of business.

A-1

      b. Produce scanned documents as 300 DPI individual multi-page PDFs per document. For marketing materials and where necessary to interpret documents or render them intelligible, submit documents in color.

      c. Produce scanned documents with embedded searchable text.

      d. Produce hard copy documents in the order in which they appear in your files and without being manipulated or otherwise rearranged.

      e. Treat documents kept in folders or binders as family members. Scan the cover of a binder or folder separately and have it serve as the parent document. Scan each document within a folder or binder as an individual document and have it serve as a child to the parent folder or binder.

6. Redacted Documents

      a. Produce ESI requiring redaction in a near native searchable PDF format.

      b. Produce redacted documents as individual multi-page PDFs per document.

      c. Produce redacted documents with embedded searchable text.

      d. If hard copy documents require redaction, follow all requirements laid out in #5.

**De-duplication, Email Threading, and Passwords**

7. De-duplication

      a. De-duplication based on MD5 or SHA-1 hash value may be conducted within a custodian's set of files without FTC approval so long as the FTC is notified of the intent to de-duplicate prior to production.

      b. Discuss de-duplication of any other scope or means with the FTC prior to production.

8. Use of email threading software must be discussed with the FTC prior to production.

9. For password protected files, remove their passwords prior to production. If password removal is not possible, provide a cross reference file including original filename, production filename, and the respective password.

**Production Metadata**

10. Family Relationships: Regardless of form of production, preserve the parent/child relationship in all files as follows:
      a. Produce attachments as separate documents and number them consecutively to the parent file.

A-2

b. Complete the ParentID metadata field for each attachment.

11. Document Numbering and File Naming

    a. Each document must have a unique document identifier ("DOCID") consisting of a prefix and 7-digit number (e.g., ABC0000001) as follows:

        i. The prefix of the filename must reflect a unique alphanumeric designation, not to exceed seven (7) characters identifying the producing party. This prefix must remain consistent across all productions.

        ii. The next seven (7) digits must be a unique, consecutive numeric value assigned to the item by the producing party. Pad this value with leading zeroes as needed to preserve its 7-digit length.

        iii. Do not use a space to separate the prefix from numbers.

    b. Name each native or near native file with its corresponding DOCID number and appropriate file extension (e.g., ABC0000001.doc).

12. Load File Format

    a. Produce metadata in a delimited text file (.DAT) for each item included in the production. The first line of the delimited text file must contain the field names. Each subsequent line must contain the metadata for each produced document.

    b. Use these delimiters in the delimited data load file:

| Description | Symbol | ASCII Code |
|---|---|---|
| Field Separator | ¶ | 020 |
| Quote Character | Þ | 254 |
| New Line | ® | 174 |
| Multiple Field Entries | ; | 059 |

13. The following chart describes the required metadata for native, scanned, and redacted documents. If you want to submit additional metadata, discuss with the FTC prior to production.

| Production Metadata | | | | |
|---|---|---|---|---|
| Field Name | Native | Scanned | Redacted | Format |
| DOCID | Y | Y | Y | Alphanumeric (*see* #11 above) |
| PARENTID | Y | Y | Y | Alphanumeric |
| NATIVELINK | Y | Y | Y | Alphanumeric |
| CUSTODIAN | Y | Y | Y | Alphanumeric |
| RESPSPEC | Y | Y | Y | Alphanumeric (question # record responds to) |
| ORIGFILENAME | Y | Y | Y | Alphanumeric |
| SOURCE | Y | Y | Y | Alphanumeric |
| SOURCEFILEPATH | Y | Y | Y | Alphanumeric |

A-3

| ORIGPATH | Y | Y | Y | Alphanumeric |
|---|---|---|---|---|
| CONFIDENTIAL | Y | Y | Y | Boolean - Y/N |
| HASH | Y | Y | Y | Alphanumeric |
| From | Y | Y | Y | Alphanumeric |
| To | Y | Y | Y | Alphanumeric |
| CC | Y | Y | Y | Alphanumeric |
| BCC | Y | Y | Y | Alphanumeric |
| EmailSubject | Y | Y | Y | Alphanumeric |
| DateSent | Y | Y | Y | MM/DD/YYYY HH:MM:SS AM/PM |
| DateRcvd | Y | Y | Y | MM/DD/YYYY HH:MM:SS AM/PM |
| Author | Y | Y | Y | Alphanumeric |
| Subject | Y | Y | Y | Alphanumeric |
| DateCreated | Y | Y | Y | MM/DD/YYYY HH:MM:SS AM/PM |
| DateLastMod | Y | Y | Y | MM/DD/YYYY HH:MM:SS AM/PM |

**Production Media**

14. Prior to production, scan all media and data contained therein for viruses and confirm the media and data is virus free.

15. For productions smaller than 50 GB, the FTC can accept electronic file transfer via FTC-hosted secure file transfer protocol. Contact the FTC to request this option. The FTC cannot accept files via Dropbox, Google Drive, or other third-party file transfer sites.

16. Use the least amount of media necessary for productions. Acceptable media formats are optical discs (CD, DVD), flash drives, and hard drives. Format all media for use with Windows 7.

17. Data encryption tools may be employed to protect privileged or other personal or private information. Discuss encryption formats with the FTC prior to production. Provide encryption passwords in advance of delivery, under separate cover.

18. Mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

19. Provide a production transmittal letter with all productions which includes:

a. A unique production number (e.g., Volume I).
b. Date of production.
c. The numeric range of documents included in the production.
d. The number of documents included in the production.

A-4

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**
**Pursuant to 28 U.S.C. § 1746**

1. I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by The PrivateBank and Trust Company and attached hereto.

3. The documents produced and attached hereto by The PrivateBank and Trust Company are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of The PrivateBank and Trust Company; and

   c) Were made by the regularly conducted activity as a regular practice of The PrivateBank and Trust Company.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2016.


_____
Signature

# ATTACHMENT D

## CERTIFICATION OF BANK RECORDS

I, Lynn C. Wanner as Paralegal for The PrivateBank and Trust Company ("Bank"), in the position of Records Custodian hereby declare that the attached Record(s) is an exact duplicate of the original and kept in the normal course of business and hereby certify its authenticity.

1. The attached Record(s) was created and maintained by The PrivateBank & Trust Company pursuant to the Bank's policies and procedures.

2. The attached Record(s) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

3. The attached Record(s) was kept and maintained in the course of The PrivateBank and Trust Company's regularly conducted activity.

4. The attached Record(s) was made by the regularly conducted activity as a regular practice.

Declarant further sayeth not.

Sworn by: _____

Date: August 25, 2016

Subscribed and sworn to before me this 25th day of August 2016.

_____
Notary Public

> "OFFICIAL SEAL"
> JACQUELINE WADE-HOUSTON
> Notary Public, State of Illinois
> My Commission Expires 10/28/18

Attachment D                                                                 Page 1 of 31



**THE PRIVATEBANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested



Last Statement: May 31, 2013
Statement Ending: June 30, 2013
Total Days in Statement Period: 30

Page 1 of 4

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

### Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

 **Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

** Closed Account - Final Statement

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 05/31/13 | $ | 464,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (8) | | 464,417.96 |
| Ending Balance as of 06/30/13 | $ | 0.00 |
| Average Balance | $ | 295,965.44 |
| Low Balance | $ | 0.00 |
| Enclosures | | 5 |

### Checks Posted

| Number | Date | Amount |
|---|---|---|
| 0 | 06/19 | 1,600.00 |

### Debits

| Date | Description | Subtractions |
|---|---|---|
| 06/11 | Checking Withdrawal | 20,000.00 |
| 06/20 | Advice of Debit | 400,000.00 |
| 06/20 | Advice of Debit | 250.00 |
| 06/21 | Preauthorized Wd TOYOTAPAY TFS 130621 | 5,000.00 |
| 06/21 | Preauthorized Wd TOYOTAPAY TFS 130621 | 4,999.00 |
| 06/21 | Preauthorized Wd TOYOTAPAY TFS 130621 | 4,846.94 |
| 06/28 | Advice of Debit | 27,722.02 |

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 05/31 | 464,417.96 | 06/20 | 42,567.96 | 06/28 | 0.00 |
| 06/11 | 444,417.96 | 06/21 | 27,722.02 | 06/30 | 0.00 |
| 06/19 | 442,817.96 | | | | |

*Thank you for banking with The PrivateBank*

00015250 00056175 0001 0004 WCFR000992062908.02



SOLOMON ASSETS LLC
Statement Ending: June 30, 2013
Page 2 of 4

## SMALL BUSINESS WITH NETBANKING (continued)

**Account Number:** ▋

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |



**THE PRIVATE BANK**

SOLOMON ASSETS LLC

Statement Ending: June 30, 2013

Page 3 of 4



Posted 06/11/13, Amount 20,000.00



Posted 06/20/13, Amount 250.00



Posted 06/20/13, Amount 400,000.00

Posted 06/28/13, Amount 27,722.02

00015250 00058178 0003 0004 WCFR000992062988 02



**THE PRIVATE BANK**

SOLOMON ASSETS LLC
Statement Ending: June 30, 2013
Page 4 of 4



Check # 0000, Posted 06/19/13, Amount 1,600.00          Check # 0000, Posted 06/19/13, Amount 1,600.00


**The PrivateBank**

| | |
|---|---|
| Account Number: | |
| Capture Date: | June 11, 2013 |
| Item Number: | 14255000159584 |
| Posted Date: | June 11, 2013 |
| Posted Item Number: | 142559584 |
| Serial Number: | |
| Amount: | 20,000.00 |

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

---

THE PRIVATEBANK
www.theprivatebank.com

**CHECKING WITHDRAWAL**
PSI PRINT 3ere

DATE _6-11-13_

PRINTED NAME _VITO GLAZERS_     SIGNATURE _____

AMOUNT _TWENTY THOUSAND_ DOLLARS + $^{00}/_{00}$ _____ DOLLARS
ACCOUNT NUMBER                         AMOUNT OF WITHDRAWAL

$     20,000.00

⑈5992⑈099 2⑈



06/20/2013                                 $400,000.00
14255000160966



06/20/2013                    $400,000.00
14255000160967



06/20/2013                                    $250.00
14255000160968



06/20/2013                                    $250.00
14255000160969



06/28/2013   318529   $27,722.02
14265000656977

06/28/2013   $27,722.02
14265000656978



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
**Address Service Requested**

MEMBER
**FDIC** | EQUAL HOUSING LENDER

Last Statement: April 30, 2013
Statement Ending: May 31, 2013
Total Days in Statement Period: 31
Page 1 of 1

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

 **Visit Us Online:**
www.theprivatebank.com

 **Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▮▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 04/30/13 | $ | 464,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 05/31/13 | $ | 464,417.96 |
| Average Balance | $ | 464,417.96 |
| Low Balance | $ | 464,417.96 |

** No activity this statement period **

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014893 00065520 0001 0001 WCFR000592060109 02



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested



MEMBER **FDIC** | EQUAL HOUSING LENDER

Last Statement: March 31, 2013
Statement Ending: April 30, 2013
Total Days in Statement Period: 30
Page 1 of 1

## Customer Service Information

**For Personal Assistance, Call:**
312-564-3887
BRANDON BARR

**Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## SMALL BUSINESS WITH NETBANKING

Account Number: ▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 03/31/13 | $ | 464,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 04/30/13 | $ | 464,417.96 |
| Average Balance | $ | 464,417.96 |
| Low Balance | $ | 464,417.96 |

**\*\* No activity this statement period \*\***

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014900 00063582 0001 0001 WCFR000992050109 02



**THE PRIVATEBANK**
120 South LaSalle Street, Chicago, IL 60603
**Address Service Requested**



Last Statement: February 28, 2013
Statement Ending: March 31, 2013
Total Days in Statement Period: 31

Page 1 of 2

### Customer Service Information



SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

**For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

**Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:**

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 02/28/13 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (1) | | 24,000.00 |
| Ending Balance as of 03/31/13 | $ | 464,417.96 |
| Average Balance | $ | 486,095.38 |
| Low Balance | $ | 464,417.96 |
| Enclosures | | 1 |

### Checks Posted

| Number | Date | Amount |
|---|---|---|
| 0 | 03/29 | 24,000.00 |

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 02/28 | 488,417.96 | 03/29 | 464,417.96 | 03/31 | 464,417.96 |

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

0015301 0005915B 0001 0002 WCFR0000920330010 02



THE PRIVATE BANK

SOLOMON ASSETS LLC
Statement Ending: March 31, 2013
Page 2 of 2

SOLOMON ASSETS, LLC

DATE 3/27/13

PAY TO THE ORDER OF: GUARANTEED GLOBAL LTD | $ 24,000.00

Twenty Four Thousand and 4/100 — DOLLARS

THE PRIVATE BANK

FOR: 2012 Management Fee

⑆007400546⑆

Check # 0000, Posted 03/29/13, Amount 24,000.00


# The PrivateBank

| | |
|---|---|
| Account Number: | |
| Capture Date: | March 29, 2013 |
| Item Number: | 5250052382019 |
| Posted Date: | March 29, 2013 |
| Posted Item Number: | 52582019 |
| Serial Number: | |
| Amount: | 24,000.00 |

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

SOLOMON ASSETS, LLC

DATE 3/27/13                    2-648/710

PAY TO THE
ORDER OF     GUARANTEED GLOBAL LTD              $ 24,000.00

Twenty Four Thousand and 00/100                    DOLLARS

THE PRIVATEBANK

FOR  2012 Management Fee

⑆071006486⑆

0507051521 2013-03-28

MB Financial Bank
>071001737<  2013-03-28
Mount Prospect
Dep. Acct.
          ID#13367



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested



Last Statement:       January 31, 2013
Statement Ending:    February 28, 2013
Total Days in Statement Period:       28

Page 1 of 1

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

**Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▇▇▇▇▇

## Balance Summary

| | | |
|---|---|---|
| **Beginning Balance as of 01/31/13** | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| **Ending Balance as of 02/28/13** | $ | **488,417.96** |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

** No activity this statement period **

## Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014900 00056280 0001 0001 WCFR000692030108 02



**THE PRIVATEBANK**
120 South LaSalle Street, Chicago, IL 60603
**Address Service Requested**

MEMBER
**FDIC** | EQUAL HOUSING LENDER

Last Statement: December 31, 2012
Statement Ending: January 31, 2013
Total Days in Statement Period: 31

Page 1 of 1

### Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

 **Visit Us Online:**
www.theprivatebank.com

 **Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▮▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 12/31/12 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 01/31/13 | $ | 488,417.96 |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

** No activity this statement period **

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014958 00058664 0001 0001 WCFR00099920020111 02



## THE PRIVATE BANK
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested





**MEMBER FDIC** | EQUAL HOUSING LENDER

Last Statement:    November 30, 2012
Statement Ending:   December 31, 2012
Total Days in Statement Period:    31

Page 1 of 1

### Customer Service Information

**For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

**Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

### Important Message

**NOTICE:** By federal law, as of 1/1/2013, funds in a noninterest-bearing transaction account (including an IOLTA/IOLA) will no longer receive unlimited deposit insurance coverage, but will be FDIC-insured to the legal maximum of $250,000 for each ownership category. For more information, visit http://www.fdic.gov/deposit/deposits/unlimited/expiration.html.

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▮▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| **Beginning Balance as of 11/30/12** | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| **Ending Balance as of 12/31/12** | $ | **488,417.96** |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

** No activity this statement period **

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00016890 00064858 0001 0001 WCFR000992010110 02



**THE PRIVATEBANK**
120 South LaSalle Street, Chicago, IL 60603
**Address Service Requested**

MEMBER
**FDIC** | EQUAL HOUSING LENDER

| | |
|---|---|
| Last Statement: | October 31, 2012 |
| Statement Ending: | November 30, 2012 |
| Total Days in Statement Period: | 30 |

Page 1 of 1

## Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

 **Visit Us Online:**
www.theprivatebank.com

 **Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## Important Message

**NOTICE:** By federal law, as of 1/1/2013, funds in a noninterest-bearing transaction account (including an IOLTA/IOLA) will no longer receive unlimited deposit insurance coverage, but will be FDIC-insured to the legal maximum of $250,000 for each ownership category. For more information, visit http://www.fdic.gov/deposit/deposits/unlimited/expiration.html.

## SMALL BUSINESS WITH NETBANKING

Account Number: ▮▮▮▮▮▮

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 10/31/12 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 11/30/12 | $ | 488,417.96 |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

### ** No activity this statement period **

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014852 00058683 0001 0001 WCFR00099212010902



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested

MEMBER **FDIC** | EQUAL HOUSING LENDER

Last Statement:     September 30, 2012
Statement Ending:     October 31, 2012
Total Days in Statement Period:     31
Page 1 of 1

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

 **Visit Us Online:**
www.theprivatebank.com

 **Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▇▇▇▇▇▇

## Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 09/30/12 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 10/31/12 | $ | 488,417.96 |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

** No activity this statement period **

## Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014786 00080282 0001 0001 WCFR000992110110 02



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested




Last Statement:         August 31, 2012
Statement Ending: September 30, 2012
Total Days in Statement Period:         30
Page 1 of 1

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

**Customer Service Information**

**For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

**Visit Us Online:**
www.theprivatebank.com

**Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## SMALL BUSINESS WITH NETBANKING

**Account Number:** ▇▇▇▇▇▇

### Balance Summary

| | | |
|---|---:|---|
| Beginning Balance as of 08/31/12 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 09/30/12 | $ | 488,417.96 |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

** No activity this statement period **

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00016122 00058958 0001 0001 WCFR000992092910 02



**THE PRIVATE BANK**
120 South LaSalle Street, Chicago, IL 60603
Address Service Requested

MEMBER **FDIC** | ⌂ EQUAL HOUSING LENDER

Last Statement: July 31, 2012
Statement Ending: August 31, 2012
Total Days in Statement Period: 31

Page 1 of 1

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

## Customer Service Information

 **For Personal Assistance, Call:**
312-564-3867
BRANDON BARR

 **Visit Us Online:**
www.theprivatebank.com

 **Written Inquiries:**
The PrivateBank
149 East Walton Place
Chicago, IL 60611

## Important Message

Welcome to your new statement from The PrivateBank. See all the same information you're used to seeing in a
new, easier to read format. You can also sign up for online banking to receive your statements electronically.
If you have any questions please speak to your personal banker or call our Customer Service Center Toll-Free,
(877) 448-6500.

## SMALL BUSINESS WITH NETBANKING

**Account Number:** �largerrect

### Balance Summary

| | | |
|---|---|---|
| Beginning Balance as of 07/31/12 | $ | 488,417.96 |
| + Deposits and Credits (0) | | 0.00 |
| - Withdrawals and Debits (0) | | 0.00 |
| Ending Balance as of 08/31/12 | $ | 488,417.96 |
| Average Balance | $ | 488,417.96 |
| Low Balance | $ | 488,417.96 |

**\*\* No activity this statement period \*\***

### Overdraft/Return Item Summary

| Description | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Items | $0.00 | $0.00 |

*Thank you for banking with The PrivateBank*

00014767 00081910 0001 0001 WCFR000092090210 02



## THE PRIVATEBANK

The Bank for Business · The Bank for Life

Last statement: **JUNE 30, 2012**
This statement: **JULY 31, 2012**
Total days in statement period: **31**

Page    1 of 1



(    0)

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

FOR PERSONAL ASSISTANCE, CALL:
BRANDON BARR
312-564-3867

THE PRIVATEBANK
149 EAST WALTON PLACE
CHICAGO, IL 60611

COMING THIS SUMMER: A NEW AND EASIER-TO-READ STATEMENT FOR YOUR CHECKING
AND SAVINGS ACCOUNTS. THE NEW LOOK WILL ARRIVE LATER THIS SUMMER.
VISIT ANY OF OUR BRANCHES FOR A PREVIEW.

## SMALL BUSINESS WITH NETBANKING

| | | | |
|---|---|---|---|
| Account number | | Beginning Balance $ | 488,417.96 |
| Low balance | $488,417.96 | Total Additions | .00 |
| Average balance | $488,417.96 | Total Subtractions | .00 |
| Avg collected balance | $488,417.00 | Ending Balance $ | 488,417.96 |

### OVERDRAFT/RETURN ITEM FEES

| | Total for this period | Total year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank

Attachment D



## THE PRIVATEBANK

The Bank for Business · The Bank for Life

Last statement: **MAY 31, 2012**
This statement: **JUNE 30, 2012**
Total days in statement period: **30**

Page **1 of 2**

**( 1)**

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

FOR PERSONAL ASSISTANCE, CALL:
BRANDON BARR
312-564-3867

THE PRIVATEBANK
149 EAST WALTON PLACE
CHICAGO, IL 60611

## SMALL BUSINESS WITH NETBANKING

| | | | |
|---|---|---|---|
| Account number | | Beginning Balance $ | 490,917.96 |
| Low balance | $488,417.96 | Total Additions | .00 |
| Average balance | $489,917.96 | Total Subtractions | -2,500.00 |
| Avg collected balance | $489,917.00 | Ending Balance $ | 488,417.96 |
| Enclosures | 1 | | |

### CHECKS

| Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|
| 0 | 06-19 | 2,500.00 | | | |

### DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 05-31 | 490,917.96 | 06-19 | 488,417.96 | | |

### OVERDRAFT/RETURN ITEM FEES

| | Total for this period | Total year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank



**THE PRIVATE BANK**

The Bank for Business · The Bank for Life

Account:

Page:     2

SOLOMON ASSETS

DATE 6/15/12

PAY TO THE ORDER OF   GUARANTEED GLOBAL LTD    $ 2,500

Two THOUSAND FIVE hundred and 00/100   DOLLARS

THE PRIVATE BANK

FOR 2012 Management Fee.

⑈007100548⑈

06/19/2012    $2,500.00


**The PrivateBank**

| | |
|---|---|
| Account Number: | |
| Capture Date: | June 19, 2012 |
| Item Number: | 5250036705101 |
| Posted Date: | June 19, 2012 |
| Posted Item Number: | 5250036705101 |
| Serial Number: | |
| Amount: | 2,500.00 |

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

SOLOMON ASSETS

DATE 6/15/12        2-648/710

PAY TO THE
ORDER OF____GUARANTEED GLOBAL LTD____ $ 2,500

Two THOUSAND FIVE Hundred and 00/100____ DOLLARS

THE PRIVATE BANK

FOR 2012 Management Fee

⑈07⑈0064869⑈

766002360075 06/18/13>071001737:



## THE PRIVATEBANK

The Bank for Business · The Bank for Life

Last statement: **APRIL 30, 2012**
This statement: **MAY 31, 2012**
Total days in statement period: **31**

Page          1 of 1

(          0)

**SOLOMON ASSETS LLC**
**40 E CHICAGO AVE # 1326**
**CHICAGO IL 60611-2026**

FOR PERSONAL ASSISTANCE, CALL:
BRANDON BARR
312-564-3867

THE PRIVATEBANK
149 EAST WALTON PL
CHICAGO IL 60611

## SMALL BUSINESS WITH NETBANKING

| Account number | | Beginning Balance | $ | 490,917.96 |
|---|---|---|---|---|
| Low balance | $490,917.96 | Total Additions | | .00 |
| Average balance | $490,917.96 | Total Subtractions | | .00 |
| Avg collected balance | $490,917.00 | Ending Balance | $ | 490,917.96 |

### OVERDRAFT/RETURN ITEM FEES

|  | Total for this period | Total year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank



## THE PRIVATEBANK

The Bank for Business · The Bank for Life

Last statement: **MARCH 31, 2012**
This statement: **APRIL 30, 2012**
Total days in statement period: **30**

Page    1 of 1

(    0)

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

FOR PERSONAL ASSISTANCE, CALL:
ALAN DALTON
312-564-3947

THE PRIVATEBANK
149 EAST WALTON PL
CHICAGO IL 60611

## SMALL BUSINESS WITH NETBANKING

| | | | |
|---|---|---|---|
| Account number | | Beginning Balance  $ | 524,373.96 |
| Low balance | $490,917.96 | Total Additions | .00 |
| Average balance | $494,263.56 | Total Subtractions | -33,456.00 |
| Avg collected balance | $494,263.00 | Ending Balance  $ | 490,917.96 |

## DEBITS

| Date | Description | Subtractions |
|---|---|---|
| 04-04 | #OUTGOING WIRE-DOM<br>BNF STEVE AUTO OBI | -33,436.00 |
| 04-04 | #DIRECT S/C<br>DOMESTIC WT OUT | -20.00 |

## DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 03-31 | 524,373.96 | 04-04 | 490,917.96 | | |

## OVERDRAFT/RETURN ITEM FEES

| | Total for<br>this period | Total<br>year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank

Attachment D

Page 27 of 31

```
GFX/PAYplus Connect Message Print - Message Inquiry Display Dialog Box

User: dkula     Bank: PRIVATE BANK CHGO     Date: 08/30/16 10:54:54

Message Status: PNRM
Seq Num: 20120950251700     Related Seq Num: 20120950261000
Pay Method: FED Output     Message ID: FTI0811
Date Recvd: 04/04/2012 12:59:46     Value Date: 04/04/2012

Sender:  071006486,     Receiver:  071000013
Amount:  $33,436.00
Debit info --
    Account:
    Name:    SOLOMON ASSETS LLC
    Addr1:   40 E CHICAGO AVE # 1326
    Addr2:   CHICAGO IL 60611-2026
    Addr3:
    Addr4:

Credit info --
    ABA:     071000013
    Name:    JPMORGAN CHASE BANK, NA
    Addr1:
    Addr2:
    Addr3:
    Addr4:

Advice:          Dept:    DEPT1     Trancode: DOMESTIC
Category:        Linesheet:          Create Template:

Message Text:

    Sndr Info   {1500}30        P
    Msg Type    {1510}1000
    IMAD        {1520}20120404L1LFBA4C000495
    Amount      {2000}000003343600
    Sender DI   {3100}071006486
    Sndr Ref    {3320}20120950251700*
    Rcvr DI     {3400}071000013
    Bus Func    {3600}CTR
    BNF         {4200}D111 500 161 4040*
                STEVE AUTO*
                529 W LUNT AVE*
                SCHAUMBURG, IL 60193*
    ORG         {5000}D2115487*
                SOLOMON ASSETS LLC*
                40 E CHICAGO AVE # 1326*
                CHICAGO IL 60611-2026*
```



# THE PRIVATE BANK

The Bank for Business · The Bank for Life

Last statement: **FEBRUARY 29, 2012**
This statement: **MARCH 31, 2012**
Total days in statement period: **31**

**Page   1 of 1**

( 0)

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60611-2026

FOR PERSONAL ASSISTANCE, CALL:
**ALAN DALTON**
312-564-3947

THE PRIVATEBANK
149 EAST WALTON PL
CHICAGO IL 60611

## SMALL BUSINESS WITH NETBANKING

| | | | |
|---|---|---|---|
| Account number | | Beginning Balance $ | 524,373.96 |
| Low balance | $524,373.96 | Total Additions | .00 |
| Average balance | $524,373.96 | Total Subtractions | .00 |
| Avg collected balance | $524,373.00 | Ending Balance $ | 524,373.96 |

### OVERDRAFT/RETURN ITEM FEES

| | Total for this period | Total year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank



# THE PRIVATE BANK

The Bank for Business - The Bank for Life

| | | |
|---|---|---|
| Last statement: | FEBRUARY 03, 2012 | |
| This statement: | FEBRUARY 29, 2012 | |
| Total days in statement period: | 27 | |

**Page    1 of 1**

**(    0)**

SOLOMON ASSETS LLC
40 E CHICAGO AVE # 1326
CHICAGO IL 60610

FOR PERSONAL ASSISTANCE, CALL:
**ALAN DALTON**
**312-564-3947**

THE PRIVATEBANK
149 EAST WALTON PL
CHICAGO IL 60611

## SMALL BUSINESS WITH NETBANKING

| | | | |
|---|---|---|---|
| Account number | | Beginning Balance $ | 0.00 |
| Low balance | $0.00 | Total Additions | 524,388.96 |
| Average balance | $407,846.41 | Total Subtractions | -15.00 |
| Avg collected balance | $407,846.00 | Ending Balance $ | 524,373.96 |

### DEBITS

| Date | Description | Subtractions |
|---|---|---|
| 02-09 | #DIRECT S/C DOMESTIC WT IN | -15.00 |

### CREDITS

| Date | Description | Additions |
|---|---|---|
| 02-09 | #INCOMING WIRE-DOM ORG INCORPORATED CONSULTING LTD OBI | 524,388.96 |

### DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 02-09 | 524,373.96 | | | | |

### OVERDRAFT/RETURN ITEM FEES

| | Total for this period | Total year-to-date |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $0.00 |
| TOTAL RETURNED ITEM FEES | $0.00 | $0.00 |

Thank you for banking with The PrivateBank

GFX/PAYplus Connect Message Print - Message Inquiry Display Dialog Box

User: dkula    Bank: PRIVATE BANK CHGO    Date: 08/30/16 10:56:07

Message Status: PNRM
Seq Num: 20120400234100    Related Seq Num:
Pay Method: FED Input    Message ID: FTR811
Date Recvd: 02/09/2012 13:51:18    Value Date: 02/09/2012

Sender:  021000021,    Receiver:  071006486
Amount:  $524,388.96
Debit info --
    ABA:    021000021
    Name:   JPMORGAN CHASE BANK, NA
    Addr1:
    Addr2:
    Addr3:
    Addr4:

Credit info --
    Account: ▮▮▮▮▮▮
    Name:    SOLOMON ASSETS LLC
    Addr1:   40 E CHICAGO AVE # 1326
    Addr2:   CHICAGO IL 60610
    Addr3:
    Addr4:

Advice:        Dept:    DEPT1    Trancode:
Category:        Linesheet:        Create Template:

Message Text:
            XFT811
    Msg Disp   {1100}30P N
    Acc Time   {1110}02091651FT03
    OMAD       {1120}20120209L1LFBA4C00046902091651FT03
    Msg Type   {1510}1000
    IMAD       {1520}20120209B1QGC04C005013
    Amount     {2000}000052438896
    Sender DI  {3100}021000021JPMORGAN CHASE*
    Sndr Ref   {3320}1384400040ES*
    Rcvr DI    {3400}071006486PRIVATE BANK CHGO*
    Bus Func   {3600}CTR
    BNF        {4200}D2115487*
               SOLOMON ASSETS LLC*
    RFB        {4320}DCD OF 12/02/09*
    ORG        {5000}D720088962*
               INCORPORATED CONSULTING LTD*
               222 S MAIN ST*
               MT PROSPECT, IL 600560000*

ATTACHMENT E



## CERTIFICATION OF BANK RECORDS

I, Lynn C. Wanner as Paralegal for The PrivateBank and Trust Company, in the position of Records Custodian hereby declare that the attached Record(s) is an exact duplicate of the original and kept in the normal course of business and hereby certify its authenticity.

1. The attached Record(s) was created and maintained by The PrivateBank & Trust Company pursuant to the Bank's policies and procedures.

2. The attached Record(s) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

3. The attached Record(s) was kept and maintained in the course of The PrivateBank and Trust Company's regularly conducted activity.

4. The attached Record(s) was made by the regularly conducted activity as a regular practice.

Declarant further sayeth not.

Sworn by: _____

Date:   September 7, 2016

Subscribed and sworn to before me this 7th day of September 2016.

_Jacqueline Wade-Houston_
Notary Public

> "OFFICIAL SEAL"
> JACQUELINE WADE-HOUSTON
> Notary Public, State of Illinois
> My Commission Expires  10/28/18

---

*120 South LaSalle Street  •  Chicago, Illinois 60603  •  tel 312.564.2000  •  ThePrivateBank.com*

EQUAL HOUSING LENDER  ⌂  MEMBER FDIC

**Attachment E**                                                              **Page 1 of 4**

Mr. Vito Glazers
Solomon Assets LLC
40 E. Chicago Ave., #1326
Chicago, IL 60611
(312) 798-9320

June 20, 2013

Mr. Brandon Barr
Managing Director
The PrivateBank & Trust Co.
120 S. LaSalle St.
Chicago, IL 60603

Dear Mr. Barr:

I, Vito Glazers, request the withdrawal of $400,000 in currency from my Solomon Assets LLC checking account number ending 5487. Further, I indemnify the Bank and hold it harmless from any liability or damages that the Bank may incur in connection with leaving the Bank with the $400,000 in cash. I have chosen to be assisted with my personally hired security guard. I am capable of managing my financial affairs and understand the impact of signing this letter.

Sincerely,

Vito Glazers

STATE OF ILLINOIS          )
                           ) ss.
COUNTY OF COOK             )

The undersigned, a Notary Public in and for the State and County aforesaid, does hereby certify that Vito Glazers, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed and delivered the said instrument as his own free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal   20th day of JUNE   2013.

Notary Public

"OFFICIAL SEAL"
Hollie Hermes
Notary Public, State of Illinois
My Commission Expires 2/14/2015



999 THE PRIVATEBANK AND TRUST COMPANY                    CURRENCY TRANSACTION REPORTING         R-31100 SET 001          06/28/13  PAGE:   18
                                                         CTRS REPORTED TO IRS

CTR 0537966  TRANS DATE 06/26/2013  STATUS #P  TYPE OF FILING A   REPORTED DATE 06/27/2013  DOC CNTRL #  00000000000000
BRANCHES  0000039

      TOTAL CASH-IN                                      TOTAL CASH-OUT
      CASH-IN DEPOSITS                                   CASH-OUT WITHDRAWALS          $400,000
      CASH-IN PAYMENTS                                   CASH-OUT ADV OR CREDIT        $400,000
      CASH-IN FUNDS TRAN                                 CASH-OUT FUNDS TRAN
      CASH-IN FORGN NEG INSTR                            CASH-OUT NEG INSTR CASHED
      CASH-IN CURR EXCH                                  CASH-OUT CURR EXCH
      CASH-IN PREPAID ACCESS                             CASH-OUT PREPAID ACCESS
      CASH-IN OTHER                                      CASH-OUT OTHER

TRANSACTION TYPES
CONTACT OFFICE        120 S LASALLE STREET   CHICAGO
CONTACT PHONE NUMBER  312-564-6059   EXT

COND/EXEMP C  TIN 342784983              TIN TYPE SSN N/A SEQ    99   DBA SEQ 00
ID METHOD DL/STATE ID  ID STATE IL  ID CNTRY US ID # 0424667852941       ID OTHER DESC
NAME VITO GLASSER                                    ALT NAME                    STATE IL   ZIP 60056-3107 CNTRY US
ADDR 222 S MAIN ST                                   CITY MOUNT PROSPECT                    BIRTH DATE 07/06/1961
PHONE                EXT                              EMAIL
NAICS         OCCUP ADVERTISING                       NPTITY? N              GENDER M
MULTIPLE TRANSACTIONS N
CASH-IN AMT                       CASH-OUT AMT                    $400,000
ACCOUNT NUMBER (1)

COND/EXEMP B  TIN 901782203              TIN TYPE EIN N/A SEQ    01   DBA SEQ 00
ID METHOD UNKNOWN    ID STATE       ID CNTRY           ID OTHER DESC
NAME SOLOMON ASSETS LLC  1326                         ALT NAME                    STATE IL   ZIP 60611-2326 CNTRY US
ADDR 40 E CHICAGO AVE #                               CITY CHICAGO                           BIRTH DATE
PHONE 3127989320     EXT                              EMAIL
NAICS         OCCUP PORTFOLIO MANAGEMENT              NPTITY? Y              GENDER
MULTIPLE TRANSACTIONS N
CASH-IN AMT                       CASH-OUT AMT                    $400,000
ACCOUNT NUMBER (15)



**THE PRIVATE BANK**

June 26, 2013

Solomon Assets LLC
c/o Vito Glazers
40 E Chicago Ave #1326
Chicago IL 60611-2026

Dear Mr. Glazers,

We are writing to you regarding The PrivateBank & Trust Company (the "Bank") account number ending in 5487 (the "Account"). Pursuant to your agreement with the Bank governing the terms and conditions of your Account, we may close your Account at any time upon reasonable notice to you and tender the account balance by mail if necessary. Reasonable notice depends on the circumstances, and in some cases, it is reasonable to provide you notice after the account closure is effective.

We intend to close your Account effective June 26, 2013. At that time, any additional items presented for payment will be returned, unpaid. Please contact your relationship manager with regards to how you would like your remaining funds on deposit remitted. If you fail to contact us regarding how you would like your funds remitted within 5 business days from the date on this document, the Bank will issue a cashier's check for the remaining balance, made payable to you, and mailed to the address on record at the point of closure.

Please direct any questions regarding this matter to me at (312) 564-6025. Thank you in advance for your cooperation.

Sincerely,

John Connery
Managing Director

ATTACHMENT F



 SHOWS    WATCH    SCHEDULE    GOO RU STYLE    🔍                    FIND WE ON YOUR TV    SIGN IN

**PRIVATE: MYSTERY MILLIONAIRE**

# VITO



HOME                                                                                     WHERE TO WATCH

## ABOUT VITO

Vito Glazers is a 28-year-old advertising mogul who lives in West Hollywood, CA and is originally from Guatemala. He owns an advertising company worth an estimated $5-$10 million.

Vito has an obsession with luxury sports cars and splurges on the hottest new vehicles. He also collects watches, like Rolex, and will only be caught wearing Gucci or Louis Vuitton. He considers himself a nerd who loves Egyptian art and anything from the Freemasons.

While he enjoys his lifestyle, he grew up very poor and now supports his family. He values a hard-work ethic, and is proud of the mid-Western values he found in Chicago, where he moved to as a child.

Vito says he's a cheesy romantic but he's not unrealistic about it. He admits that he's a little cynical about love and believes that there's not always an instant spark when you meet someone, but that passion grows from sharing goals together.

Here's what he's looking for:

– A woman with a great smile – his favorite body part.

– A woman who's funny with a positive outlook on life. Dark humor turns him on.

– A woman who's not part of the Hollywood scene, but can enjoy fun nights out partying.

– A woman who's professional and financially secure and isn't coming into the relationship with huge debts. He prefers a woman who pays her own bills, but she doesn't need to be rich.

– A woman who isn't a trophy wife, but is a partner instead.

Vito is going undercover as a struggling artist who works as a telemarker (a job he actually used to have!) to pay his bills. He will live in downtown LA and drive an old Lincoln.

### MORE CAST








**BRAXTON FAMILY VALUES**
**WE SAID, SHE SAID**

"Just because you hide Chick-fil-A in a Chanel bag doesn't make i...



**BRAXTON FAMILY VALUES**
**THIS IS NOT ABOUT REKINDL...**
SEASON 5, EPISODE 11
SNEAK PEEKS



**BRAXTON FAMILY VALUES**
**"WHAT'S THE T WITH YOU AN...**
SEASON 5, EPISODE 10
FIRST RUN

    Schedule    Newsletters    About    Contact WE    Advertise on WE tv

NETWORKS

WE tv and the logo are service marks of WE tv LLC. Copyright 2016 WE tv LLC. All rights reserved.   Privacy   Cookies   Terms of Use

Attachment G